IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | | |
|---|---|---|---|
| MASON, TODD V. | X | | |
| PLAINTIFF | X | | |
| V. | X | CIVIL ACTION NO. | |
| | X | | |
| RBC CAPITAL MARKETS, LLC | X | | |
| DEFENDANT | X | | |
| | X | | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>
<u>(JURY TRIAL DEMANDED)</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, MASON, TODD VICTOR, as Plaintiff in the above-styled and numbered cause of action, and makes this his original complaint, and complains of RBC CAPITAL MARKETS, LLC, as Defendant, and for good grounds he would respectfully show the Court as follows:

PARTIES

1. The Plaintiff is MASON, TODD VICTOR, an individual person who resides in Harris County, Texas. His mailing address is 2103 Nashua,

1

Stafford, Harris County, Texas 77477, telephone number 832-343-0756.

2. Defendant is RBC CAPITAL MARKETS, LLC, a Delaware limited liability company doing business in the state of Texas, that can be served by causing a summons and a copy of process to be personally served upon its Registered Agent for the receipt of process, Corporation Service Company, 211E 7th Street #620, Austin TX 78701.

## JURISDICTION

3. This Court has jurisdiction to hear this case because all of the res of this suit transpired in Harris County, Texas; and, the defendant's principal place of business is in Harris County, Texas. Jurisdiction is granted by Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. sections 2000e to 2000e-17; and, the Age Discrimination in Employment Act of 1967, as codified 29 U.S.C. sections 621 to 634.

## FACTS

4. Plaintiff MASON, TODD VICTOR brings suit arising out of the terms and conditions of his employment at the RBC CAPITAL MARKETS, LLC.

5. MASON, TODD VICTOR was employed by the RBC CAPITAL MARKETS, LLC as a Branch Manager. He was 58 years of age at the time this complaint was filed. He was 58 years old when the events complained of occurred. He is a member of a protected groups by being over-the-age-of-40 years and a black male. The plaintiff has been an employee of the RBC CAPITAL MARKETS, LLC, for fourteen and a half (14.5) years.

6. MASON, TODD VICTOR was employed as a Branch Manager. He served in this capacity for fourteen and a half (14.5) years. He was competent in his job and performed it for a lengthy period of years. Prior to his termination, he had never been disciplined or counseled by his employer and had a clean employment record.

7. The plaintiff noticed over recent years that the employer was dismissing employees black employees and employees older than the age of 40 years. These employees had no history of incompetence or insubordination with the employer known to plaintiff. Of a sudden, the employer would accuse them of some misfeasance and dismiss them from employment.

8. The plaintiff has a chronic illness that requires medical monitoring. The defendant was aware of this medical condition. The plaintiff

made use of the defendant's health and medical insurance to obtain treatment for his medical condition.

9. The plaintiff never received a negative employment review.

10. Other employees with a similar employment profile to the plaintiff were terminated for trivial reasons.

11. The plaintiff was replaced by a worker younger than the age of 40 years.

12. The plaintiff was replaced by a white person.

13. There is direct evidence of discrimination against the plaintiff and other workers with a similar profile.

14. The employer's stated reason for termination is a pretext. The employer's proffered reason for justifying the termination is not logical or reasonable; and, does not conform to the law.

## CAUSE OF ACTION: TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

15. Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against an employee on the basis of race. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII). Under Title VII, a plaintiff can prove discrimination through direct or circumstantial evidence. *Turner v.*

*Baylor Richardson Medical Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (ADEA).

16. To establish a *prima facie* case of discrimination under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than similarly situated persons who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Tex. Police Dep't.*, 370 Fed. App'x 546, 548 (5th Cir. 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 957 (5th Cir. 1993)) (ADEA).

17. Under Title VII, the plaintiff must prove that his race was a motivating factor in the decisions to take adverse employment action against him. *Peterson v. Bell Helicopter Textron, Inc.*, 807 F.3d 650, 657 n.1 (5th Cir. 2015) (citing 42 U.S.C. 2000e-2(m)).

18. The plaintiff states a prima facie case against the defendant based upon race discrimination because: (A) he is a member of a protected group; (B) he is qualified for the position; (C) he has suffered an adverse employment action; and, (D) he has established that he was treated

5

differently than other employees similarly situated. The plaintiff brings suit against the defendant for a redress of his injuries.

## CAUSE OF ACTION: THE AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

19. The ADEA prohibits an employer from discriminating against an employee on the basis of age. *See* 42 U.S.C. § 2000e-2(a)(1) (Title VII); 29 U.S.C. § 623(a)(1) (ADEA). Under Title VII and the ADEA, a plaintiff can prove discrimination through direct or circumstantial evidence. *Turner v. Baylor Richardson Medical Ctr.*, 476 F.3d 337, 345 (5th Cir. 2007) (Title VII); *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 n.3 (5th Cir. 2000) (ADEA).

20. To establish a *prima facie* case of discrimination under Title VII and the ADEA, a plaintiff must show: (1) he is a member of a protected class; (2) he was qualified for the position; (3) he was the subject of an adverse employment action; and (4) he was treated less favorably than similarly situated persons who were not members of the protected class. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (Title VII); *Bishop v. Texarkana Tex. Police Dep't.*, 370 Fed.App'x 546, 548 (5th Cir. 2010) (citing *Bodenheimer v. PPG Indus., Inc.*, 5

F.3d 955, 957 (5th Cir. 1993)) (ADEA).

21. The plaintiff states a prima facie case against the defendant based upon age discrimination because: (A) he is a member of a protected group; (B) he is qualified for the position; (C) he has suffered an adverse employment action; and, (D) he has established that he was treated differently than other employees similarly situated. The plaintiff brings suit against the defendant for a redress of his injuries.

## CAUSE OF ACTION:
## EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA)

22. The plaintiff was a long term employee of the defendant. As such, he was a participant in the defendant's retirement system and he was covered by the defendant's health and major medical insurance..

23. The value of the monthly benefits payable by plaintiff's retirement plan increases substantially in the final years of employment as the employee approaches his retirement date.

24. The plaintiff was 58 years old at the time of termination. The plaintiff was terminated when the employer became aware that the plaintiff would require major medical intervention.

25. The Employee Retirement Income Security Act (ERISA), 29 U.S.C.

Ch. 18 §1001, et seq, prohibits taking adverse action against an employee for the purpose of limiting or denying that employee an "employment benefit."

26. The plaintiff asserts that one of the motives underlying the termination of his employment was to limit, reduce the value of, or deny him his retirement benefits and his major medical benefits.

## DAMAGES

27. DAMAGES: GENERAL. The plaintiff pleads for general damages in an amount to be found just and right by the jury and the Court.

28. DAMAGES: SPECIAL. The plaintiff suffered a loss of sixty-eight thousand dollar per year ($68,000.00) reduction in income as the result of his termination. The plaintiff intended to retire at the age of 65 years. He suffered the discrimination at the age of 58 years. Therefore, he has suffered "actual" damages in an amount not less than four hundred seventy-six thousand dollars ($476,000.00).

29. EXEMPLARY DAMAGES. The Plaintiff requests punitive or exemplary damages (liquidated damages) against the defendant by reason of its gross negligence, conscious indifference to the welfare of the Plaintiff and persons in his position, and intentional malice.

ATTACHMENT

30. Marked as "Exhibit A" and attached hereto and incorporated herein for all purposes is a true and correct copy of the Notice of Right to Sue from the Equal Employment Opportunity Commission granting the plaintiff the authority to bring this lawsuit.

JURY TRIAL DEMANDED

31. The plaintiff demands a trial by jury as is his right under the Constitution of the United States of America.

WHEREFORE, PREMISES CONSIDERED, the Plaintiff, MASON, TODD VICTOR, prays that the Court grant him the following relief as against the Defendant, RBC CAPITAL MARKETS, LLC:

(a) general damages as stated above;

(b) special damages as stated above;

(c) exemplary damages when and if permitted;

(d) prejudgment interest at the maximum rate;

(e) postjudgment interest at the maximum rate;

(f) and such further relief, at law and in equity, to which the Plaintiff may be justly entitled;

(g) the plaintiff demands a trial by jury.

        RESPECTFULLY SUBMITTED:

        LAW OFFICE OF STEPHEN E. MENN
        P.O. BOX 572774
        HOUSTON, TEXAS 77257-2774
        PHONE 832-654-2948
        FAX 888-653-4543
        stephen_menn@sbcglobal.net

BY: __/s/Stephen E. Menn___
       STEPHEN E. MENN
       TEXAS BAR NO. 13942200



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 07/29/2022

To: Todd V. Mason
2103 Nashua Dr.
Stafford, Texas 77477
Charge No: 460-2020-04907

EEOC Representative and email: Michelle Villanueva
Investigator
michelle.villanueva@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 460-2020-04907.

On behalf of the Commission,

MICHELLE VILLANUEVA
Digitally signed by MICHELLE VILLANUEVA
Date: 2022.07.29 10:50:39 -05'00'

for
Rayford O. Irvin
District Director

Cc:
Casey E Jarchow
RBC CAPITAL MARKETS LLC
250 Nicollet Mall
Minneapolis, MN 55401

Monica Hincken
VALLI KANE VAGNINI LLP
600 Old Country Road # 519
Garden City, NY 11530

Please retain this notice for your records.

π's Complaint Ex "A"